IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL PHILLIPS, on behalf of himself and others similarly situated,<br>　　　　　　　　　　　　Plaintiff,<br>v.<br>PENSKE TRUCK LEASING CO., L.P.,<br>　　　　　　　　　　　　Defendant. | CIVIL ACTION<br><br>FILED ELECTRONICALLY ON MAY 13, 2022<br><br>COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT – COLLECTIVE ACTION

Michael Phillips ("Plaintiff") brings this collective action against Penske Truck Leasing Co., L.P. ("Penske") to recover all relief available under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

### JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391.

### PARTIES

3. Plaintiff resides in Longview, TX.

4. Penske is a corporation headquartered in Reading, PA (Berks County).

5. Penske is an employer covered by the FLSA, and Plaintiff is an employee entitled to the FLSA's protections.

### FACTS

6. Penske is a global transportation services provider, operating more than 365,000 vehicles across North America.  *See* https://www.gopenske.com/our-company/penske-companies/particle-4 (last viewed 5/12/22).

1

7. Penske employs individuals who repair and maintain Penske vehicles throughout the United States. Although such individuals may have various formal job titles, we generally refer to them as "mechanics."

8. Penske has employed Plaintiff as a mechanic since approximately August 2018.

9. Plaintiff and other mechanics regularly work over 40 hours per week. For example, Plaintiff currently estimates that he works an average of 8-12 hours per day and an average of 5 days per week.

10. Plaintiff and other mechanics are classified by Penske as overtime-eligible under the FLSA.

11. Penske requires Plaintiff and other mechanics to be "on-call" on certain designated days.

12. While on-call, Plaintiff and other mechanics must answer calls made by Penske drivers or customers and either provide roadside assistance or diagnose mechanical problems over the phone.

13. While on-call, Plaintiff and other mechanics sometimes travel to the location of the vehicle in order to resolve any mechanical issues on-site. Plaintiff and other mechanics generally receive payroll credit and compensation for time associated with such on-site work.

14. On other occasions, however, Plaintiff and other mechanics, while on-call, diagnose vehicles' mechanical problems and otherwise accomplish their work via telephone. On such occasions, Plaintiff and other mechanics do not receive any payroll credit for their work and are not compensated for their work.

15. In failing to compensate Plaintiff and other mechanics for time associated with the work referenced in paragraph 14, Penske acted with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings his claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others employed by Penske as mechanics within the past three years.

17. Plaintiff's claim should proceed collectively because he and other collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I

18. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

19. Penske violated the FLSA by failing to compensate Plaintiff and other collective members for time associated with the work referenced in paragraph 14. Thus, where the combined total of a mechanic's uncompensated and compensated time exceeds 40-hours during a particular week,[1] the uncompensated time (i) is compensable at the mechanic's regular hourly pay rate to the extent it falls below the 40-hour overtime threshold[2] and (ii) is compensable at the FLSA's "time and one-half" overtime rate to the extent it falls above the 40-hour overtime threshold.

---

[1] Plaintiff does not seek any damages for weeks in which the combined total of a mechanic's uncompensated and compensated time falls below the 40-hour overtime threshold. The Third Circuit has held that such "pure gap time" is not compensable under the FLSA in the absence of a minimum wage violation. *See Davis v. Abington Memorial Hospital*, 765 F.3d 236, 243-44 (3d Cir. 2014).

[2] *See Conner v. Cleveland County*, 22 F.4th 412, 426 (4th Cir. 2022) ("we hold that overtime gap claims are cognizable under the FLSA"); *accord* 29 C.F.R. § 778.315; *cf Davis*, 765 F.3d at 244 (refraining from resolving compensability of "overtime gap time").

3

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the FLSA collective, seeks the following relief:

    A.    Unpaid wages and prejudgment interest;

    B.    Liquidated damages;

    C.    Litigation costs, expenses, and attorneys' fees; and

    D.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  May 13, 2022

Respectfully,

*/s/ Peter Winebrake*

_____

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Clif Alexander*
Austin W. Anderson*
Carter Hastings*
Anderson Alexander, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401
(361) 452-1279

William S. Hommel, Jr.*
Attorney at Law
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100

\* *Pro Hac Vice* Admission Anticipated