IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL PHILLIPS, on behalf of himself and others similarly situated,<br>                               Plaintiff,<br>v.<br>PENSKE TRUCK LEASING CO., L.P.,<br>                               Defendant. | CASE NO.: 5:22-cv-01889-JLS<br><br>FILED ELECTRONICALLY ON AUGUST 19, 2022<br><br>COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## **FIRST AMENDED COMPLAINT – COLLECTIVE ACTION**

Michael Phillips ("Plaintiff") brings this collective action against Penske Truck Leasing Co., L.P. ("Penske") to recover all relief available under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

### **JURISDICTION AND VENUE**

1. Jurisdiction is proper under 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391.

3. The Court has general personal jurisdiction over Penske because Pennsylvania is its home state.

### **PARTIES**

4. Plaintiff resides in Longview, TX.

5. As to the current opt-in Plaintiffs, their names (with state of employment by Penske in parentheses) are Dan Morgan (Maine), Bryan Judd (Tennessee), Joshua Noone (Kansas), David Spear (New Jersey), Roy Hoyt (Georgia), Nicholas Babst (Washington), and Jose Barragan (Idaho).

1

6. Penske is a Delaware limited partnership headquartered and having its principal place of business in Reading, PA (Berks County).

7. Penske is an employer covered by the FLSA, and Plaintiff is an employee entitled to the FLSA's protections.

**FACTS**

8. Penske is a global transportation services provider, operating more than 390,000 vehicles across North America. *See* https://www.gopenske.com/our-company/penske-companies/particle-4 (last viewed 8/19/22).

9. Penske employs individuals who repair and maintain Penske vehicles throughout the United States. Although such individuals may have various formal job titles, we generally refer to them as "mechanics."

10. The following table summarizes what Penske's website reports as states having Penske vehicle rental locations (with the number of cities with locations in parentheses):

| | | |
|---|---|---|
| Alabama (45) | Arizona (25) | Arkansas (19) |
| California (182) | Colorado (28) | Connecticut (21) |
| Delaware (11) | D.C. (1) | Florida (127) |
| Georgia (75) | Hawaii (5) | Idaho (14) |
| Illinois (97) | Indiana (57) | Iowa (15) |
| Kansas (15) | Kentucky (25) | Louisiana (28) |
| Maine (10) | Maryland (45) | Massachusetts (42) |
| Michigan (81) | Minnesota (36) | Mississippi (30) |
| Missouri (29) | Montana (5) | Nebraska (6) |
| Nevada (7) | New Hampshire (19) | New Jersey (69) |
| New Mexico (10) | New York (91) | North Carolina (61) |
| North Dakota (7) | Ohio (96) | Oklahoma (18) |
| Oregon (28) | Pennsylvania (96) | Rhode Island (10) |
| South Carolina (36) | South Dakota (3) | Tennessee (42) |
| Texas (130) | Utah (19) | Vermont (5) |
| Virginia (51) | Washington (44) | West Virginia (11) |
| Wisconsin (54) | Wyoming (4) | |

*See* https://www.pensketruckrental.com/locations/ (last viewed 8/19/22)

11. Penske has employed Plaintiff as a mechanic in Texas since approximately August 2018.

12. Plaintiff and other mechanics regularly work over 40 hours per week. For example, Plaintiff currently estimates that he works an average of 8-12 hours per day and an average of 5 days per week.

13. Plaintiff and other mechanics are classified by Penske as overtime-eligible under the FLSA.

14. Penske requires Plaintiff and other mechanics to be "on-call" on certain designated days.

15. While on-call, Plaintiff and other mechanics must answer calls made by Penske drivers or customers and either provide roadside assistance or diagnose mechanical problems over the phone.

16. While on-call, Plaintiff and other mechanics sometimes travel to the location of the vehicle or to the Penske shop in order to resolve any mechanical issues on-site. Plaintiff and other mechanics generally receive payroll credit and compensation for time associated with such on-site work.

17. On other occasions, however, Plaintiff and other mechanics, while on-call, diagnose and resolve vehicles' mechanical problems and otherwise accomplish their work entirely via telephone ("telephone-diagnostic work"). During these calls, the mechanic will guide the vehicle operator through a series of troubleshooting recommendations and will identify and resolve the issues entirely over the phone, so no on-site visit is needed. On such occasions, Plaintiff and other mechanics do not receive any payroll credit for their work and are not compensated for their work.[1]

---

[1] Because Plaintiff seeks compensation for the telephone-diagnostic work, and does not seek compensation for time spent *waiting* while on-call, the regulations at 29 C.F.R. § 553.221 (c)-(d) and the Third Circuit's *Ingram* factors are inapplicable. *See Ingram v. County of Bucks*, 144 F.3d 265, 268 (1998) (outlining factors significant to the Court's consideration of whether time spent waiting on-call is compensable under the FLSA).

18.     Plaintiff has performed the uncompensated telephone-diagnostic work described in paragraph 17 in weeks in which Plaintiff worked over 40 hours.

19.     Similarly, other mechanics have performed the uncompensated telephone-diagnostic work described in paragraph 17 in weeks in which those mechanics worked over 40 hours.

20.     Defendant was aware that Plaintiff and other mechanics performed the uncompensated telephone-diagnostic work described in paragraph 17.  In fact, Plaintiff and the other mechanics were required to use a phone provided by Defendant in order to complete their work while on-call, including the telephone-diagnostic work.

21.     Additionally, Plaintiff and other mechanics directly raised with their supervisor the fact that they were not compensated for their telephone-diagnostic work.

22.     In failing to compensate Plaintiff and other mechanics for time associated with the telephone-diagnostic work referenced in paragraph 17, Penske acted with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff brings his claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others employed by Penske as mechanics within the past three years anywhere in the United States.

24.     To date, the following seven (7) individuals have opted-in to this lawsuit pursuant to 29 U.S.C. § 216(b): Dan Morgan, Bryan Judd, Joshua Noone, David Spear, Roy Hoyt, Nicholas Babst, and Jose Barragan.  *See* ECF Docs. 3, 16, 18, and 23.

25.     Plaintiff's claim should proceed collectively because he and other collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I

26.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

27.     Penske violated the FLSA by failing to compensate Plaintiff and other collective members for time associated with the telephone-diagnostic work referenced in paragraph 17. Thus, where the combined total of a mechanic's uncompensated and compensated time exceeds 40-hours during a particular week,[2] the uncompensated time (i) is compensable at the mechanic's regular hourly pay rate to the extent it falls below the 40-hour overtime threshold[3] and (ii) is compensable at the FLSA's "time and one-half" overtime rate to the extent it falls above the 40-hour overtime threshold.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the FLSA collective, seeks the following relief:

A.     Unpaid wages and prejudgment interest;

B.     Liquidated damages;

C.     Litigation costs, expenses, and attorneys' fees; and

D.     Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

---

[2]  Plaintiff does not seek any damages for weeks in which the combined total of a mechanic's uncompensated and compensated time falls below the 40-hour overtime threshold. The Third Circuit has held that such "pure gap time" is not compensable under the FLSA in the absence of a minimum wage violation. *See Davis v. Abington Memorial Hospital*, 765 F.3d 236, 243-44 (3d Cir. 2014).

[3]  *See Conner v. Cleveland County*, 22 F.4th 412, 426 (4th Cir. 2022) ("we hold that overtime gap claims are cognizable under the FLSA"); *accord* 29 C.F.R. § 778.315; *cf Davis*, 765 F.3d at 244 (refraining from resolving compensability of "overtime gap time").

Date: August 19, 2022                              Respectfully,

                                                  /s/ Peter Winebrake

Peter Winebrake
Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Clif Alexander*
Austin W. Anderson*
Anderson Alexander, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401
(361) 452-1279

William S. Hommel, Jr.*
Attorney at Law
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100

\*  *Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2022, I caused Plaintiff's First Amended Complaint -Collective Action to be served via the Court's electronic filing system.

*/s/ Michelle Tolodziecki*
Michelle Tolodziecki
Dated: August 19, 2022